CLASS JOURNAL CO. v. VALVELESS INNER TUBE CO.

(Supreme Court, Appellate Term, First Department.   January 16, 1914.)

1. DISMISSAL AND NONSUIT (§ 60*)—FAILURE TO PROSECUTE.
      Where, for 18 months after plaintiff was granted a new trial, it took
   no steps to bring the action to trial, the cause will be dismissed; it be-
   ing no excuse for its delay to show that defendant had no assets and a
   judgment against it would be valueless, such showing tending to establish
   that the delay was intentional.
      [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§
   140–152; Dec. Dig. § 60.*]

2. COSTS (§ 48*)—DISMISSAL OF ACTION.
      Where an action at law is dismissed for failure to diligently prosecute,
   defendant is absolutely entitled to costs, and an order allowing plaintiff
   to discontinue without costs is unauthorized.
      [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 129, 192–210; Dec.
   Dig. § 48.*]

Appeal from City Court of New York, Special Term.

Action by the Class Journal Company against the Valveless Inner
Tube Company.   From an order denying defendant's motion to dis-
miss the action for want of prosecution, defendant appeals.   Order re-
versed, and motion granted.

See, also, 134 N. Y. Supp. 916.

Argued January term, 1914, before LEHMAN, PAGE, and BI-
JUR, JJ.

Gordon S. P. Kleeberg, of New York City (Emanuel J. Myers, of
New York City, of counsel), for appellant.

Daniel Burke, of New York City (Arthur V. McDermott, of Brook-
lyn, of counsel), for respondent.

PAGE, J.   [1] This action has been twice tried in the City Court,
and in each instance. resulted in judgment for the defendant, which
judgments have been respectively reversed by this court and new
trials granted.   The moving affidavits upon the motion show that 18
months have elapsed since the granting of the second new trial to the
plaintiff, and during that time no steps have been taken to bring the
case to trial.   The only excuse offered for this neglect is the fact that
the defendant has no assets and a judgment against it would be val-
ueless.   I am unable to discover a recently reported case in which this
state of facts has been passed upon.   In Wheaton v. McGlade, 1 Wend.
34, it was held that the poverty of the defendant is no excuse for
failure to prosecute diligently unless he has obtained a discharge un-
der the insolvency laws.   Upon principle it would seem that, if the
plaintiff offers as an excuse that it considers it unprofitable to contin-
ue the action, that fact merely demonstrates that the neglect was will-
ful and is in itself a good ground for dismissal.

[2] As to the terms upon which the motion should be granted, the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court had no discretion. The action was one at law for damages, and the defendant was absolutely entitled to costs upon a dismissal. The alternative contained in the order appealed from which allowed the plaintiff to discontinue without costs was unauthorized. Wetzler v. Silverman, 123 N. Y. Supp. 794.

The order appealed from is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.